**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN, <br> Plaintiffs, <br><br> v. <br><br> P. WALKER BROS., INC. <br><br> Defendant. | No. 10-CV-5626 <br><br> Judge Leinenweber |

**PLAINTIFFS' MOTION FOR DEFAULT AND JUDGMENT IN SUM CERTAIN**

Plaintiffs, the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Laborers' Funds"), request that the Court find P. Walker Bros., Inc. ("defendant") in default and enter an amount of damages against defendant, in the total amount of $3,356.84. In support of this motion, plaintiffs state:

1. On September 3, 2010, plaintiffs filed a lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a) seeking unpaid contributions owed to the Laborers' Funds for the period June 2010 through the present , late fees due on contributions and a surety bond.

2. On February 7, 2011, service of the Complaint upon the Company was accomplished when process server Philip Ducar personally handed the Summons and the Complaint to Ms. Leslie Sunny, defendant's secretary at the defendant's business location in McCook, Illinois. Twenty days

1

has lapsed since service of the Complaint and Summons was effected. (Exhibit B).

5. The Agreement and the Funds' respective Agreements and Declarations of Trust to which the Company is bound require that the defendant submit benefit contribution payments by the tenth day of the following month. Payments which are not received within thirty days of this date ("Grace Period") are assessed liquidated damages in the amount of 20 percent of the principal amount of delinquent contributions, and interest at a rate of 12 percent as charged by JP Morgan Chase Bank from the date of delinquency forward. The defendant submitted its March 2011 reports after the grace period ended but never paid the corresponding liquidated damages. As such, the Company owes $291.84 in accumulated liquidated damages on the late March 2010 reports. (Affidavit of Michael Christopher, Exhibit A.)

6. Pursuant to ERISA, §1132(g)(2), reasonable attorneys' fees are owed by the delinquent employer for all work performed in the collection of unpaid contributions. The parties' collective bargaining agreement requires that the employer pay all fees for which the Trustees become legally bound to pay "including damages, interest, audit costs, filing fees and any other expenses incurred." Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel, in the total amount of $3,115.00 in attorney's fees (See, Affidavit of Karen I. Engelhardt, attached hereto as Exhibit C). Costs are owed in the amount of $450.00, consisting of filing fees and service fees. (Exhibit C). The Company recently made a $500.00 payment. (Exhibit C).

7. The Agreement binds the Company to the Joint Agreement of the Construction and General Laborers' District Council of Chicago and Vicinity, which requires in Article IX, Paragraph 1 that "[a]ll Employers shall procure, carry and maintain a surety bond in form and amount

satisfactory to the Union." Defendant does not have a current surety bond on file at the Funds' office. (Exhibit B). Plaintiffs request that this Court order the defendant to obtain and maintain a surety bond in the amount of $5,000.00 to guarantee payment of wages and benefit contributions, and to, within 30 days of service of the order that such a bond be obtained, provide written proof of such to Plaintiffs' attorney Angie Cowan Hamada, 230 West Monroe Street, Suite 2600, Chicago, Illinois 60626.

Wherefore, plaintiffs drafted a proposed judgment order for default and a total judgment against P. Walker Bros., Inc. in the amount of $3,356.84, and requiring the defendant to obtain a $5,000 surety bond.

Respectfully submitted,

/s/ Angie Cowan Hamada
One of plaintiffs' attorneys

Wesley G. Kennedy
Karen I. Engelhardt
Angie Cowan Hamada
Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

June 27, 2011